IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-149-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| ABDULLAH ASAD MUJAHID, ) | |
| ) | |
| Defendant. ) | |

On March 8, 2010, Abdullah Asad Mujahid ("Mujahid" or "defendant") pleaded guilty, without a plea agreement, to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (count one), and possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (count two). Because Mujahid is an armed career criminal, the statutory minimum penalty for being a felon in possession of a firearm is fifteen years' imprisonment and the maximum penalty is life imprisonment. See 18 U.S.C. § 924(e)(1). The statutory maximum for possessing a stolen firearm is 10 years' imprisonment. See id. § 924(a)(2).

The United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR provided notice pursuant to Federal Rule of Criminal Procedure 32(h) of the possible ground for upward departure that defendant's criminal history category under-represents the seriousness of defendant's criminal history or the likelihood that defendant will commit other crimes. See U.S. Sentencing Guidelines Manual § 4A1.3 [hereinafter "U.S.S.G."]. On June 29, 2010, the United States filed a motion for upward departure [D.E. 23] under section 4A1.3 and because Mujahid otherwise used or possessed a weapon in the commission of the offense. See U.S.S.G. §§ 4A1.3, 5K2.6.

On July 8, 2010, the court held a sentencing hearing and considered all of the evidence presented, the arguments of counsel, and defendant's allocution. The court granted the government's motion for an upward departure under section 4A1.3 [D.E. 23] and sentenced defendant to 300 months' imprisonment on count one and 120 months' imprisonment on count two. The court enters this order to explain defendant's sentence.

I.

The court has reviewed the PSR and adopts the undisputed facts stated therein. See Fed. R. Crim. P. 32(i)(3). On July 14, 2009, Mujahid stole a .38 caliber firearm from a residence in Fayetteville, North Carolina. PSR ¶ 5. The next day, while armed with the loaded .38 caliber firearm, Mujahid broke into the Autry residence in Clinton, North Carolina. Id. ¶ 3. The Autry's 16-year-old son, who was alone in the residence, was awakened when Mujahid tried to pry open a sliding glass door. Id. The 16-year-old called his stepfather and then the police. Id. When the police arrived Mujahid attempted to flee out the residence's back door, but the door jammed and he was unable to leave. Id. A short standoff then ensued during which Mujahid, still armed with the stolen firearm, approached the 16-year-old and asked to use his cell phone. Id. ¶ 4. The 16-year-old refused and locked himself in his room. Id. During the standoff, the 16-year-old reopened his bedroom door, at which point Mujahid raised the stolen firearm and pointed it at the 16-year-old. Id. A short time later, Mujahid surrendered to law enforcement. Id. Thereafter, police officers searched Mujahid's vehicle discovering DVDs similar to items reported stolen in another residential burglary the same date in Clinton, North Carolina. Id. ¶ 5.

On March 8, 2010, Mujahid pleaded guilty, without a plea agreement, to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of a stolen firearm in violation of 18 U.S.C. § 922(j). In the PSR, after adjusting for the three-point

2

limit under section 4A1.1(f) and a two-point increase because Mujahid committed the instant offenses less than two years following his release from custody, the probation officer calculated 21 criminal history points, producing a criminal history category of VI. See PSR ¶¶ 9–34.[1] The probation officer grouped counts one and two pursuant to section 3D1.2(c). Id. ¶ 18. The probation officer then calculated an offense level of 31 after a 2-level increase because the firearm was stolen, a 4-level increase because Mujahid used and possessed the firearm and ammunition in connection with another felony offense, and a 3-level reduction for acceptance of responsibility. Id. ¶¶ 58–67. As such, the corresponding advisory guideline range in the PSR is 188 to 235 months' imprisonment for count one and 120 months' imprisonment for count two, to be served concurrently. See id. ¶¶ 70, 72.

II.

The Supreme Court has described the process for imposing a sentence under the now-advisory sentencing guidelines:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [U.S. Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. . . . [A] major departure should be supported buy a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

---

[1]Applying the armed career criminal guideline also produces a criminal history category of VI. See U.S.S.G. § 4B1.4(c)(2); see also PSR ¶ 34.

3

Gall v. United States, 552 U.S. 38, 49–50 (2007) (citations & footnote omitted); see Nelson v. United States, 129 S. Ct. 890, 892 (2009) (per curiam); Spears v. United States, 129 S. Ct. 840, 842–43 (2009) (per curiam); Kimbrough v. United States, 552 U.S. 85, 100–01 (2007) ("[W]hile the statute still requires a court to give respectful consideration to the Guidelines, [United States v.]Booker[2] permits the court to tailor the sentence in light of other statutory concerns as well." (citations & quotation omitted)); Rita v. United States, 551 U.S. 338, 357–58 (2007); United States v. McNeill, 598 F.3d 161, 166–67 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 328–30 (4th Cir. 2009); United States v. Evans, 526 F.3d 155, 160–61 (4th Cir. 2008); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The court recognizes its duty within this framework to "make an individualized assessment based on the facts presented," Gall, 552 U.S. at 50, and to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [the sentencing statute]." 18 U.S.C. § 3553(a); see, e.g., Kimbrough, 552 U.S. at 100–01; Carter, 564 F.3d at 328–30.

### III.

First, the court must calculate the applicable advisory guideline sentencing range. See, e.g., Gall, 552 U.S. at 49–50. As stated in open court, the court overrules defendant's two objections to the PSR.[3] First, Mujahid's objection to the alias identifiers "Swingdog" or "Sweetboy" has no impact on the advisory guideline range and is denied as moot. Second, Mujahid's objection to the two-level enhancement under section 4A1.1(e) has no impact on the advisory guideline range and is denied as moot. Specifically, with 21 criminal history points, Mujahid's criminal history category

---

[2]543 U.S. 220 (2005).

[3]The PSR contained a third objection, which Mujahid withdrew at the sentencing hearing.

4

would remain VI even without the section 4A1.1(e) enhancement. Moreover, Mujahid's status as an armed career criminal also warrants a criminal history category of VI. See U.S.S.G. § 4B1.4(c)(2). Alternatively, to the extent that Mujahid argues that the court should not apply section 4A1.1(e) due to anticipated changes to the Guidelines Manual, a sentencing court generally applies "'the Guidelines Manual in effect on the date that the defendant is sentenced.'" United States v. Lewis, 606 F.3d 193, 198 (4th Cir. 2010) (quoting U.S.S.G. § 1B1.11(b)(1)). Thus, Mujahid's criminal history category is VI and his offense level is 31. Accordingly, his advisory guideline range is 188 to 235 months' imprisonment for count one and 120 months' imprisonment for count two, to be served concurrently. See PSR ¶¶ 70, 72.

Having calculated the advisory guideline range, the court next must determine whether a sentence within the applicable advisory guideline range serves the factors set forth in 18 U.S.C. § 3553(a) and, if not, select a sentence within the statutory limits that serves those factors. See, e.g., Gall, 552 U.S. at 49–50; Pauley, 511 F.3d at 473. In doing so, the court first may look to whether a departure is appropriate based on the sentencing guidelines or relevant case law. See Pauley, 511 F.3d at 473. Because the PSR and the government's upward departure motion specified the possible grounds for departure, notice was provided in accordance with Federal Rule of Criminal Procedure 32(h). See, e.g., United States v. Abbott, 221 Fed. Appx. 186, 190 (4th Cir. 2007) (per curiam) (unpublished).

Under section 4A1.3, an upward departure may be warranted "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1); see United States v. Myers, 589 F.3d 117, 125 (4th Cir. 2009); United States v. Lawrence, 349 F.3d 724, 726–27 (4th Cir. 2003). Under section 4A1.3(a)(4)(A), "the court shall

5

determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." See U.S.S.G. § 4A1.3(a)(4)(A). The background commentary to section 4A1.3 recognizes that "the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur." U.S.S.G. § 4A1.3 cmt. background.

Mujahid has a long and unrelenting history of serious and violent criminal conduct. See PSR ¶¶ 9–31. Mujahid (age 33) has 49 felony convictions. See id. ¶¶ 9, 11–29. Moreover, if not for the three-point limit under section 4A1.1(f), Mujahid would have amassed 29 criminal history points. Cf. id. ¶¶ 32–34. In addition, even though the Armed Career Criminal Act requires only three violent felony convictions, Mujahid has seventeen violent felony convictions. See id. ¶ 65.

Mujahid has focused his criminal activity on robbery, larceny, and breaking and entering. See id. ¶¶ 9–31. His criminal career began at age 16 when he assaulted an individual and stole the victim's necklace. Id. ¶ 9. Mujahid was convicted of felony common law robbery and sentenced to three years' imprisonment, of which he served approximately nine and one-half months. Id. This conviction and sentence did not deter Mujahid. Rather, his violent criminal conduct continued unabated, broken only by intermittent prison sentences. See id. ¶¶ 11–29. On May 6, 1999, Mujahid received a sentence of 108 to 139 months and was paroled on September 15, 2007. See id. ¶ 19. Once released, however, Mujahid did not change the path of his life. Rather, after briefly attempting lawful work, Mujahid returned to his criminal lifestyle. See id. ¶ 30.

Time and again, Mujahid has been given chances to abide by the law, but has refused. Thus, the court finds that criminal history category VI is wholly inadequate to capture the seriousness of Mujahid's criminal history and his near certain likelihood of recidivism. An upward departure based upon a similar combination of many of the above stated facts — extensive criminal history, violent

6

conduct, numerous unscored offenses, receipt of repeated lenient treatment for prior criminal conduct — is supported by caselaw. See, e.g., McNeill, 598 F.3d at 166–67.

Next, the court addresses the extent of the upward departure. A district court may exercise its discretion under section 5K2.0 not to depart. See, e.g., United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992). The "guidelines anticipated that an upward departure might apply in the case of an armed career criminal and that an upward departure might occur where a defendant's criminal history falls within category VI." McNeill, 598 F.3d at 166. A court that elects to upwardly depart under section 4A1.3 must move horizontally across successive criminal history categories up to category VI, and, if category VI is inadequate, is to then vertically traverse to successively higher offense levels until it finds a guideline range appropriate to the case. See, e.g., U.S.S.G. § 4A1.3(a)(4); McNeill, 598 F.3d at 166–67; United States v. Dalton, 477 F.3d 195, 200 (4th Cir. 2007). Furthermore, a court need not "go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." Dalton, 477 F.3d at 199 (quotation and alterations omitted). Because the court finds that category VI is inadequate, the court moves down the sentencing table and analyzes successive offense levels.

The court finds that offense level 34 contains the guideline range most appropriate for Mujahid. In making this finding, the court has considered offense levels 32 and 33 and finds that they do not adequately reflect the seriousness of Mujahid's criminal history or the near certain likelihood that he will commit other crimes, including violent crimes. Cf., e.g., McNeill, 598 F.3d at 166–67; United States v. Parker, 289 Fed. Appx. 666, 668 (4th Cir. 2008) (per curiam) (unpublished); Evans, 526 F.3d at 160, 165–66. Coupling criminal history category VI and offense level 34 yields an advisory guideline range of 262 to 327 months' imprisonment for count one and

7

120 months' imprisonment (in light of the statutory maximum) for count two. See U.S.S.G. § 5A (sent'g table).

## IV.

The court next considers whether the resulting advisory guideline range serves the factors set forth in 18 U.S.C. § 3553(a). The court recognizes its obligation to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a); see, e.g., Gall, 552 U.S. at 49–50. These purposes include the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2)(A)–(C). The court also must consider the nature and circumstances of the offense and history and characteristics of the defendant. See id. § 3553(a)(1). Of course, the court has considered, as appropriate, all of the factors set forth in 18 U.S.C. § 3553(a), all arguments of counsel, and defendant's allocution. The court must select a sentence in light of the section 3553(a) factors, and must adequately explain the rationale for its sentence. See Gall, 552 U.S. at 46, 50; Carter, 564 F.3d at 328.

As for the nature and circumstances of the offense, the offenses of conviction are very serious. Given Mujahid's lengthy criminal history, including multiple felony convictions, he had no right to possess any firearm. Yet, Mujahid possessed not only a firearm, but one which was loaded and which he had stolen. Additionally, he possessed the firearm in connection with the July 15, 2009 burglary, during which he pointed the gun at a 16-year-old. The instant offenses are just the latest examples of Mujahid's disrespect for the law. The court imposes a sentence that recognizes the seriousness of Mujahid's offenses and promotes respect for the law. Anything less

8

than a substantial period of incarceration for Mujahid would promote disdain — rather than respect — for the law.

As for Mujahid's history and characteristics, he is 33 years old and has an astonishing and violent criminal record. See PSR ¶¶ 9–31. Moreover, although Mujahid has some work history, it is not substantial. See id. ¶¶ 49–55. Instead of rejecting a criminal lifestyle and seeking to make an honest living, Mujahid has returned time and again to a life of violent crime. Both specific and general deterrence are critical in this case, particularly given Mujahid's offense behavior, criminal record, violent conduct, and near certain likelihood of recidivism. The court has considered Mujahid's statement at the sentencing hearing and defense counsel's arguments and does not find that Mujahid intends to change his criminal behavior any time soon. Cf. Gall, 552 U.S. at 51–52 (noting the institutional advantage that district courts have over appellate courts in assessing credibility and gaining insight needed to find facts and adjudge their import under section 3553(a)). The court shall impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct (both to Mujahid and others like him). The sentence also will provide the public with much needed protection from further crimes of the defendant and will provide ample time for vocational training, educational opportunities, and mental health treatment, which Mujahid desperately needs. For the reasons explained above and in open court, the court sentences Mujahid to 300 months' imprisonment for count one and 120 months' imprisonment for count two.

Alternatively, the court notes that it would impose the same sentence as a variance sentence even if it has incorrectly calculated the advisory guideline sentencing range or incorrectly departed. See, e.g., United States v. Alvarado Perez, No. 08-5078, 2010 WL 2612677, at *9–*12 (4th Cir. 2010) (Shedd, J., concurring) (describing the process of announcing a post-Booker alternative

9

sentence and determining the district court's sentence could be affirmed as a reasonable alternative variance sentence without reaching the merits of the claimed guideline calculation errors); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006) (describing process of announcing a post-Booker alternative sentence); see also United States v. Grubbs, 585 F.3d 793, 804–05 (4th Cir. 2009) (holding that even if the district court had incorrectly calculated the advisory guideline sentence, "the resulting sentence is procedurally reasonable because the district court adequately explained its sentence on alternative grounds supporting a variance sentence"); Evans, 526 F.3d at 164–66; United States v. McClung, 483 F.3d 273, 277 (4th Cir. 2007). For the reasons explained above and in open court, the court believes that an alternative variance sentence of 300 months' imprisonment on count one and 120 months' imprisonment on count two, is the sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [the sentencing statute]." 18 U.S.C. § 3553(a); cf., e.g., McNeill, 598 F.3d at 167; Evans, 526 F.3d at 162–66. The court announced the balance of defendant's sentence in open court and also described defendant's appellate rights.

V.

The court imposed defendant's sentence for the reasons discussed herein and the reasons discussed in open court, which are incorporated by reference. The order is intended to provided a statement of reasons for defendant's sentence, and does not alter or amend the court's judgment announced in open court.

SO ORDERED. This 12 day of July 2010.

JAMES C. DEVER III
United States District Judge