IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-149-D-1
No. 7:16-CV-57-D

| | | |
|---|---|---|
| ABDULLAH ASAD MUJAHID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 30, 2016, Abdullah Asad Mujahid ("Mujahid") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 300-month sentence [D.E. 41]. On July 13, 2016, the government moved to dismiss Mujahid's motion and filed a supporting memorandum [D.E. 45, 46]. Mujahid did not respond. As explained below, the court grants the government's motion to dismiss.

On March 8, 2010, Mujahid pleaded guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one) and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (count two). See [D.E. 1, 18, 33]; Presentence Investigation Report ("PSR") ¶¶ 1–2. Before sentencing, the United States Probation Office ("probation") prepared a PSR. The PSR detailed Mujahid's extensive criminal history and stated that his advisory guideline range was 188 to 235 months' imprisonment on count one and 120 months' imprisonment on count two. See id. ¶¶ 58–70. The PSR also stated that Mujahid was an armed career criminal. See id. ¶ 34. On July 8, 2010, at Mujahid's sentencing hearing, the court upwardly departed under U.S.S.G. § 4A1.3 from a total offense level of 31 to a total offense level of 34. See United States v. Mujahid, No. 7:09-CR-149-D, 2010 WL 2772492, at *3–5 (E.D.N.C.

July 12, 2010) (unpublished). When coupled with Mujahid's criminal history category VI, Mujahid's advisory guideline range became 262 to 327 months' imprisonment on count one and 120 months' imprisonment on count two. After considering the entire record, the arguments of counsel, and the section 3553(a) factors, this court sentenced Mujahid to 300 months' imprisonment on count one and 120 months' imprisonment on count two, to run concurrently [D.E. 25]; see Sentencing Tr. 21–33.

Mujahid appealed. On May 4, 2011, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Mujahid, 431 F. App'x 238 (4th Cir. 2011) (per curiam) (unpublished).

In Mujahid's section 2255 motion, Mujahid alleges that he is no longer an armed career criminal due to Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 41] 4, 10, 12–13. The government disagrees and has moved to dismiss Mujahid's motion for failure to state a claim upon which relief can be granted. See [D.E. 45, 46].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for

summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Johnson does not help Mujahid. Mujahid's multiple convictions for breaking and entering continue to qualify as violent felonies under 18 U.S.C. § 924(e) even after Johnson. See, e.g., United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014); PSR ¶¶ 13–15, 17–20, 23–28. Thus, Johnson does not help Mujahid, and his claim fails.

After reviewing the claim presented in Mujahid's motion, the court finds that reasonable jurists would not find the court's treatment of Mujahid's claim debatable or wrong, and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 45], DISMISSES Mujahid's section 2255 motion [D.E. 41], and DENIES a certificate of appealability.

SO ORDERED. This 12 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge